Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 53012.**—G. & R. Importing Co., Inc., et al. v. United States, protests 56490–K, etc. (San Francisco).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained. The protests were overruled in all other respects.

**No. 53013.**—Charles Boas et al. v. United States, protests 62322–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53014.**—Amderta Leather Co., Inc., et al. v. United States, protests 95995–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53015.**—Edward & John Burke, Ltd., et al. v. United States, protests 96690–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53016.**—A. Alfandari et al. v. United States, protests 141931–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53017.**—Edgar S. Bibas, Inc., et al. v. United States, protests 144374–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, APRIL 13, 1949

**No. 53018.**—G. D. Searle & Co. v. United States, protests 131416–K, etc. (Pembina).

Opinion by Cole, J.   It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53019.**—G. D. Searle & Co. *v.* United States, protests 131807–K/1183, etc. (Chicago).

Opinion by Cole, J.   It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53020.**—Armour & Company *v.* United States, protests 144582–K and 144583–K (Detroit).

Opinion by Cole, J.   It was stipulated that the merchandise consists of "ox gall concentrate," the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53021.**—Armour & Company *v.* United States, protest 144587–K (Pembina).

Opinion by Cole, J.   It was stipulated that the merchandise consists of "ox gall concentrate," the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53022.**—G. D. Searle & Co. *v.* United States, protest 144618–K (Pembina).

Opinion by Cole, J.   It was stipulated that the merchandise consists of "ox gall concentrate," the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53023.**—K. Iguchi et al. *v.* United States, protests 836381–G, etc. (Providence).